NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 4 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL NEELY, | No. 22-70100 |
| Petitioner, | LABR No. 2018-AIR-00019 ARB Case No. 2020-0071 |
| v. | |
| U.S. DEPARTMENT OF LABOR, | MEMORANDUM[*] |
| Respondent, | |
| THE BOEING COMPANY, | |
| Intervenor. | |

On Petition for Review of an Order of the
Department of Labor

Submitted September 3, 2024[**]

Before:  WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

Michael Neely petitions pro se for review of the Department of Labor's

Administrative Review Board's ("ARB") decision and order dismissing his

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

complaint under the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR21"). We have jurisdiction under 49 U.S.C. § 42121(b)(4)(A). We review the ARB's decisions in accordance with the Administrative Procedure Act ("APA"), "under which the ARB's legal conclusions must be sustained unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and its findings of fact must be sustained unless they are unsupported by substantial evidence in the record as a whole." *Calmat Co. v. U.S. Dep't of Labor*, 364 F.3d 1117, 1121 (9th Cir. 2004). We deny the petition.

The ARB properly dismissed Neely's claim. Assuming, without deciding, that Neely made a prima facie showing of discrimination, Boeing established by clear and convincing evidence that it would have fired Neely even if he had not engaged in protected activity. *See* 49 U.S.C. § 42121(b)(2)(B)(iv); 29 C.F.R. § 1979.109(a) (relief may not be ordered if employer "demonstrates by clear and convincing evidence that it would have taken the same unfavorable personnel action in the absence of any protected behavior"). The record includes substantial evidence that Neely was fired because, among other things, the budget for his assigned project was reduced, and no other projects were available for Neely after his assigned project ended.

Neely's arguments on appeal lack merit. The ARB properly enforced the applicable statute of limitations, and also considered events outside the time limit

2

as relevant background. 49 U.S.C. § 42121(b)(1) (discrimination complaints must be filed within 90 days after an alleged violation); 29 C.F.R. § 1979.103(d) (same); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (discrete discriminatory acts are not actionable if time bared, though employee may use prior acts as background evidence in support of a timely claim). In addition, Neely's arguments that the ARB ignored or misinterpreted evidence are not supported by the record.

The ARB did not abuse its discretion in denying Neely's motion for relief under Federal Rule of Civil Procedure 60(b), which he filed with the ARB while his appeal was still pending. *See, e.g., Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) (explaining that the proper procedure to seek Rule 60(b) relief during the pendency of an appeal is to ask the lower court whether it wishes to entertain the motion, or to grant it, and then move the appellate court, if appropriate, for remand of the case).

Neely's motion to compel excerpts of record (Docket Entry No. 51) is denied as moot.

**PETITION FOR REVIEW DENIED**.